## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

**CHRISTOPHER RODRIGUEZ**             **BANKRUPTCY**
**and LATISHA E. RODRIGUEZ,**         **CASE NO.: 8:16-bk-05464-RCT**

    **Debtors.**                        **CHAPTER 7**
_____/

### FIRST INTERIM FEE APPLICATION OF THOMAS A. LASH AND LASH WILCOX & GRACE PL, SPECIAL COUNSEL FOR LARRY S. HYMAN, TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND REQUEST FOR IMMEDIATE DISBURSEMENT AND CURRENT PAYMENT <u>FROM SETTLEMENT AS TO ADVERSARY PROCEEDING 8:17-ap-00063-RCT</u>

NOTICE OF OPPORTUNITY TO
<u>OBJECT AND REQUEST FOR HEARING</u>

    Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Ave., Suite 555, Tampa, Florida 33602, and serve a copy on the movant's attorney, Thomas A. Lash, Esq., Lash Wilcox & Grace PL, 4950 W. Kennedy Blvd., Suite 320, Tampa, FL 33609, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2019, I presented the following *First Interim Fee Application of Thomas A. Lash and Lash Wilcox & Grace PL, Special Counsel for Larry S. Hyman, Trustee, for Allowance of Compensation and Reimbursement of Expenses and Request for Immediate Disbursement and Current Payment from Settlement as to Adversary Proceeding 8:17-ap-00063-RCT was* uploaded in the CM/ECF system.  I further certify that a true and correct copy of the foregoing document has been served this 10 day of July, 2019 to: U.S. Trustee, 501 E. Polk St., Ste. 1200, Tampa, FL 33602; Larry S. Hyman, PO Box 18625, Tampa, FL 33679; Christopher Rodriguez and Latisha E. Rodriguez, 8949 Sheppard Drive, Lake Wales, FL 33859; Walter F. Benenati, Esq., Walter F Benenati, Credit Attorney PA, 2702 E Robinson Street, Orlando, FL 32803; Great American Insurance Company, an Ohio corporation, c/o  Chief Financial Officer RA 200 E Gaines St Tallahssee, FL 32399 and c/o Ruel William Smith, Esq., Hinshaw & Culbertson LLP, 100 S Ashley Dr Ste 500, Tampa, FL 33602, and all creditors on the matrix attached hereto.

/s/ Thomas A. Lash_____
Attorney

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

**CHRISTOPHER RODRIGUEZ**          **BANKRUPTCY**
**and LATISHA E. RODRIGUEZ,**       **CASE NO.: 8:16-bk-05464-RCT**

     **Debtors.**                        **CHAPTER 7**
_____/

### SUMMARY OF FIRST INTERIM FEE APPLICATION OF THOMAS A. LASH AND LASH WILCOX & GRACE PL, SPECIAL COUNSEL FOR LARRY S. HYMAN, TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND REQUEST FOR IMMEDIATE DISBURSEMENT AND CURRENT PAYMENT FROM SETTLEMENT AS TO ADVERSARY PROCEEDING 8:17-ap-00063-RCT

1.    Name of Applicant:  Thomas A. Lash and Lash Wilcox & Grace PL

2.    Role of Applicant:  Special Counsel

3.    Name of Certifying Professional:  Thomas A. Lash

4.    Date of Fee Application: July 10, 2019

5.    Date of Services Reimbursement Sought: October 6, 2016 - June 14, 2019

6.    Total Gross Amount of Requested Professional Fee      $6,192.00
      For Application Period, (**"Exhibit A"**)

7.    Fee Retainer Received      -0-

8.    Payments from Other Sources Received      -0-

9.    Discount Given at Settlement      $3,742.00

10.    **"NET" AMOUNT OF REQUESTED PROFESSIONAL FEE**      $2,450.00

11.    Total Gross Amount of Requested Reimbursement      -0-
      For Disbursements and Expenses for Application
      Period ("**Composite Exhibit A**")

12.    Cost Retainer Received      -0-

| 13. | Other Cost Payments | -0- |
|---|---|---|
| 14. | **TOTAL "NET" AMOUNT OF REQUESTED DISBURSEMENTS** | -0- |
| 15. | **TOTAL GROSS REQUESTED AWARD (FEES & COSTS)** | $2,450.00 |
| 16. | **TOTAL NET REQUESTED AWARD (FEES & COSTS)** | $2,450.00 |

## CASE INFORMATION

| 1. | Date Case Filed:  June 24, 2016 | |
|---|---|---|
| 2. | Date of Application for Employment:  October 13, 2016 | |
| 3. | Date of Order Approving Professional Employment: October 14, 2016 | |
| 4. | Total Amount of Fee Retainer Received: | -0- |
| 5. | Total Prior Interim Professional Fees Awarded: | -0- |
| 6. | Total Prior Interim Costs Awarded: | -0- |
| 7. | Total Professional Fee Payments From Other Sources: | -0- |
| 8. | Total Cost Payments From Other Sources: | -0- |

## TIMEKEEPER SUMMARY

| Name | Bar Admission | Billing Total Rate | Hours | Total Value |
|---|---|---|---|---|
| Thomas A. Lash | FL 1990/VA 1988 | $400.00 | 3.50 | $1,400.00 |
| Alicia Nowicki | N/A | $120.00 | 1.80 | $  216.00 |
| Andrew Wilson | FL 2013 | $235.00 | 5.40 | $1,269.00 |
| Kenneth Grace | FL 2003 | $335.00 | 3.80 | $1,273.00 |
| N. Vasanth Kumar | N/A | $110.00 | 2.50 | $  275.00 |
| Samantha Boggs | N/A | $120.00 | 0.40 | $    48.00 |
| John McCarthy | N/A | $110.00 | 0.60 | $    66.00 |
| Vivian Elliott | FL 2009 | $235.00 | 7.00 | $1,645.00 |

**Total Professional Fees during Fee Period: $6,192.00**
**BLENDED HOURLY RATE (INCLUDING PARAPROFESSIONALS): $247.68**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

CHRISTOPHER RODRIGUEZ                     BANKRUPTCY
and LATISHA E. RODRIGUEZ,                  CASE NO.: 8:16-bk-05464-RCT

      Debtors.                          CHAPTER 7
_____/

**FIRST INTERIM FEE APPLICATION OF THOMAS A. LASH AND LASH WILCOX & GRACE PL, SPECIAL COUNSEL FOR LARRY S. HYMAN, TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND REQUEST FOR IMMEDIATE DISBURSEMENT AND CURRENT PAYMENT FROM SETTLEMENT AS TO ADVERSARY PROCEEDING 8:17-ap-00063-RCT**

TO:    THE HONORABLE ROBERTA A. COLTON
       UNITED STATES BANKRUPTCY JUDGE:

       Thomas A. Lash and Lash Wilcox & Grace PL (collectively "Lash Wilcox & Grace"), special counsel to Larry S. Hyman, Chapter 7 Trustee (the "Trustee") hereby files its first interim application for compensation and reimbursement of expenses and request for immediate disbursement and current payment from settlement ("Application") pursuant to, F.R.B.P. 2002, and this Court's *Order Approving Trustee's Application to Employ Counsel for Special Purpose*, entered on October 14, 2016.  In support of the Application, the Trustee represents as follows:

I.     INTRODUCTION

     A.    The Relief Requested

       1.    Through this Application, Lash Wilcox & Grace seeks an allowance for compensation, and requests immediate interim payment from settlement rather than payment at case closing, of professional fees related to its representation of the Trustee and for reimbursement of out-of-pocket expenses incurred on the Trustee's behalf for the period

commencing on October 6, 2016 and continuing through June 14, 2019 inclusive (the "Fee Period") in the discounted amount at settlement of $2,450.00.

2.    The services rendered and expenses incurred by Lash Wilcox & Grace during the Fee Period are discussed in greater detail in Section II of this Application. Additionally, a summary of the billable time expended on this case by all Lash Wilcox & Grace professionals actively involved in this case appears in the summary to this Application and a detailed billing log, recorded in tenths of an hour, for all tasks undertaken by Lash Wilcox & Grace on the Trustee's behalf is annexed as **Composite Exhibit "A"** and is incorporated herein by reference.

3.    Lash Wilcox & Grace has fees of $6,192.00 for professional fees and expenses incurred on the Trustee's behalf during the Fee Period.  However, Lash Wilcox & Grace seeks only $2,450.00 as a total award and payment given the settlement in this Adversary Proceeding.  This aggregate amount includes the following:

a.    $6,192.00 for professional legal services performed during the Fee Period.  This represents 25.00 total hours expended by professionals and paralegals at an average blended hourly rate of $247.68. This amount has been discounted to $2,450.00, for a blended discounted hourly rate of $98.00 per hour to achieve settlement with Defendant, Great American Insurance Company, an Ohio corporation, only ("Adversary Proceeding Defendant") and will be paid by the Adversary Proceeding Defendant, according to 15 U.S.C. §1692 and Fla. Stat. §559.55 *et seq.*

4.    All of the professional services for which compensation is requested were rendered solely in connection with on behalf of the Trustee.  The *Declaration of Proposed*

*Counsel for Special Purpose* prepared by Thomas A. Lash and filed with the Court on October 13, 2016 is annexed as **Exhibit "B"** and is incorporated herein by reference.

5.      Lash Wilcox & Grace received no retainer for professional fees or costs in connection with its representation of the Trustee in this matter.  Lash Wilcox & Grace has agreed to submit applications to this Court for all compensation for its professional services rendered in connection with this bankruptcy case, although, as set forth in 15 U.S.C. §1692 and Fla. Stat. § 559.77(2), the fees are being paid by the Adversary Proceeding Defendant from the Settlement Funds.

6.      Lash Wilcox & Grace has received no payment of fees or reimbursement of expenses in connection with its legal representation of the Trustee during the Fee Period or otherwise.

7.      It is respectfully submitted that, in light of the size, and the complex nature of this case, the compensation and reimbursement of expenses sought by Lash Wilcox & Grace in this Application are fair and reasonable.

B.      The Background of the Case

1.      The Debtor filed their voluntarily petition for relief under Chapter 7 of the Bankruptcy Code on June 24, 2016 ("Petition Date") in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division.   On October 14, 2016 this Court entered its *Order Approving Trustee's Application to Employ Counsel for Special Purpose.*

2.      Throughout the Fee Period, Lash Wilcox & Grace's staffing of this case reflected the Trustee's objective of the complaint for unlawful Debt Collection Practices and violation of the Federal and Florida Consumer Collection Protection laws.

3.      In addition to attorneys, Lash Wilcox & Grace utilized paralegal services during the course of its representation of the Trustee. Paralegal services were used whenever possible and appropriate as a compliment to attorney services to reduce professional fees and conserve the assets of the bankruptcy estate.

4.      Detailed time records have been kept by all Lash Wilcox & Grace professionals, including paralegals, working on these cases during the Fee Period.  Annexed as **Composite Exhibit "A"** is a detailed invoice indicating: (1) the time each professional or paraprofessional spent on each task undertaken on the Trustee's behalf, recorded in tenth of an hour increments; (2) the billing rate charged by each professional; (3) the date of the activity; and (4) the total charge for each activity.

II.    SUMMARY OF SERVICES RENDERED DURING THE FEE PERIOD

This section of the Application highlights the major categories of tasks undertaken by Lash Wilcox & Grace on the Trustee's behalf during the Fee Period.  The activities summarized below account for virtually all of the billable hours incurred by representing the Committee during the Fee Period.

A.      Analysis and Legal Research

During this Fee Period, Lash Wilcox & Grace spent approximately 2.80 billable hours and incurred approximately $694.00 in professional fees performing analysis of Debtors' documents, Debtors' actions, Defendant's documents, and Defendant's actions.  Documents and actions were analyzed to ascertain the ownership of the causes of action, culpability of parties, the assets of the Debtors, its business, and the extent and validity of claims under each provision of each applicable statute. Legal research was performed on the application of multiple statutes to each set of facts.

B.    <u>Preparation and Filing of Adversary Proceeding and Administration</u>

During this Fee Period, Lash Wilcox & Grace spent approximately 18.70 billable hours and incurred approximately $4,704.00 in professional fees preparing and filing the adversary proceeding, and performing case administration activities. This work included drafting the complaint, revising the complaint, the review of all relevant incoming pleadings and correspondence related to the adversary proceeding, drafting of correspondence to other counsel and various papers filed on the Trustee's behalf in the adversary proceeding as well as the general monitoring of the adversary proceeding. These activities also include activities related to retention as special counsel and fee applications. These activities do not represent a complete listing of all activities performed, but rather provide a sample of the varied tasks which have been characterized as "Preparation and Filing of Adversary Proceeding and Administration" in this Application. This category does not include purely administrative duties associated with this case, such as filing or word processing which Lash Wilcox & Grace factors into its overhead and for which Lash Wilcox & Grace does not bill its clients directly and for which Lash Wilcox & Grace does not seek compensation in this Application. More detailed information regarding these activities may be found in **Composite Exhibit "A"**.

C.    <u>Settlement Negotiations</u>

During this Fee Period, Lash Wilcox & Grace spent approximately 3.50 billable hours and incurred approximately $794.00 in professional fees in performing activities related to settlement of the adversary proceeding.

D.    Lash Wilcox & Grace submits that its requests for fees and reimbursement of expenses meet the standards set forth in § 330 and § 331 of the Bankruptcy Code for compensation of professionals. The services performed by Lash Wilcox & Grace benefitted the

estate by generating $1,500.00 to the estate without risk of fee exposure due to the contingency nature of the representation and payment of Lash Wilcox & Grace fees from total defendant settlement amount of $3,950.00. Lash Wilcox & Grace represents that no payment or promises of payment have been made to or by Lash Wilcox & Grace and no agreement exists in violation of the prohibition of § 504 of the Bankruptcy Code for the division or sharing of any fees or reimbursements which may be allowed pursuant to this or any further application.

III.    THE SKILL REQUISITE TO PERFORM THE NECESSARY LEGAL SERVICES

To properly perform the services rendered on behalf of the Trustee, Lash Wilcox & Grace has drawn upon the judgment, experience and substantive legal knowledge of partners and associates specializing in the fields of bankruptcy and creditors' rights, commercial law and litigation, and consumer litigation.  That complex issues presented in this case required the engagement of a sophisticated corporate law firm prepared to make a substantial interdisciplinary commitment.

IV.    PRECLUSION OF OTHER EMPLOYMENT BY ATTORNEYS INVOLVED

During this Fee Period, attorney Thomas A. Lash has devoted significant portions of his professional time to providing thorough and competent legal representation to the Trustee on bankruptcy and bankruptcy-related issues.  As a result of this allocation of time, they have been unable to involve themselves to the extent warranted in certain other significant bankruptcy and creditors' rights matters undertaken by Lash Wilcox & Grace during the same period.

V.    EXPERIENCE, REPUTATION, AND ABILITIES OF ATTORNEYS

Lash Wilcox & Grace is an established law firm having substantial experience in commercial litigation, consumer litigation, collections, bankruptcy, real estate, corporate and the many other disciplines required when counseling a Trustee.  Lash Wilcox & Grace's bankruptcy

partners enjoy an excellent reputation as experienced practitioners in the field of bankruptcy in Florida and elsewhere. This case has required legal experience and ability commensurate with that of the attorneys in the firm whose services form the basis for this application. All Lash Wilcox & Grace professionals and paralegals involved in this case have the requisite professional backgrounds for their responsibilities undertaken in this case.

VI.    USE OF PROFESSIONALS AND PARAPROFESSIONALS

The bulk of the analytical work undertaken in this case has been handled by Thomas A. Lash who has been primarily responsible for strategy and overall direction.

The time records also reflect that the services of paralegals have been used in this case whenever possible.

VII.    CUSTOMARY FEE

The fees and costs requested by Lash Wilcox & Grace are those that are charged by the firm both for bankruptcy and non-bankruptcy related legal services.

The fees requested are according to a modified contingency agreement, but no contingency feature came into play in computing the amounts sought in this Fee Application; The fees are subject to this Court's approval prior to being paid; however, the fees are paid by the Adversary Proceeding Defendant under the provisions of the cited statutes.

**WHEREFORE**, Lash Wilcox & Grace respectfully requests that this Court enter an order (1) approving the Application and awarding Lash Wilcox & Grace compensation for professional services rendered for the period from October 6, 2016 to June 14, 2019 in the discounted at settlement amount of $2,450.00; (2) directing the immediate disbursement and current payment of the approved compensation to Lash Wilcox & Grace PL from the Settlement

Funds; and (3) granting such other and further relief as this honorable court deems necessary and appropriate.

DATED:  July 10, 2019

Respectfully Submitted,

**LASH WILCOX & GRACE PL**
4950 W. Kennedy Blvd., Suite 320
Tampa, FL 33609
Telephone: 813.289.3200
Facsimile: 813.289.3250

**THOMAS A. LASH, ESQ.**
Florida Bar No.: 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained in this Application are true and correct. I further declare that a copy of this Application has been provided to Larry S. Hyman, Chapter 7 Trustee, and that he has approved the Application.

**THOMAS A. LASH**

Label Matrix for local noticing
113A-8
Case 8:16-bk-05464-RCT
Middle District of Florida
Tampa
Wed Jul 10 11:58:15 EDT 2019

Christopher Rodriguez
8949 Sheppard Drive
Lake Wales, FL 33898-7281

Latisha E Rodriguez
8949 Sheppard Drive
Lake Wales, FL 33898-7281

American InfoSource LP as agent for
Verizon
PO Box 248838
Oklahoma City, OK  73124-8838

Barclays Bank Delaware
Po Box 8803
Wilmington, DE 19899-8803

Best Buy Credit Services
PO Box 183195
Columbus, OH 43218-3195

Bridgecrest
7300 E Hampton Ave
Mesa, AZ 85209-3324

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC  28272-1083

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Cb Of The Hudson Valle
155 N Plank Rd
Newburgh, NY 12550-1748

Chase Card
Po Box 15298
Wilmington, DE 19850-5298

Credit Coll
Po Box 607
Norwood, MA 02062-0607

Credit One Bank Na
Po Box 98875
Las Vegas, NV 89193-8875

Dept Of Ed/navient
Po Box 9635
Wilkes Barre, PA 18773-9635

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850-5316

Dpt Ed/navi
Po Box 9635
Wilkes Barre, PA 18773-9635

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Fay Servicing, LLC
c/o Wanda D. Murray
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305-1623

Fayfinancial
939 W North Ave Ste 680
Chicago, IL 60642-1231

First Niagara Bank NA
PO Box 886
Lockport, NY 14095-0886

First Premier Bank
3820 N Louise Ave
Sioux Falls, SD 57107-0145

Five Star Bank
55 North Main Street
Warsaw, NY 14569-1325

Navient Solutions, Inc.
Department of Education Loan Services
P.O. Box 9635
Wilkes-Barre, PA 18773-9635

New York Dept of Taxation
and Finance
PO Bx 61000
Albany, NY 12261-0001

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Sprint
PO Box 7993
Overland Park, KS 66207-0993

Syncb/care Credit
950 Forrer Blvd
Kettering, OH 45420-1469

Syncb/jcp
Po Box 965007
Orlando, FL 32896-5007

Syncb/old Navy
Po Box 965005
Orlando, FL 32896-5005

Syncb/walmart
Po Box 965024
Orlando, FL 32896-5024

U.S. Bank NA dba Elan Financial Services
Bankruptcy Department
P.O. Box 108
St. Louis, MO 63166-0108

Usalliance Federal Cr
159 Overland Rd.
Walthan, MA 02451-1703

Verizon Wireless
Po Box 49
Lakeland, FL 33802-0049

Wfds/wds
Po Box 1697
Winterville, NC 28590-1697

Larry S. Hyman +
PO Box 18625
Tampa, FL 33679-8625

United States Trustee - TPA7/13 +
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

Richard M Dauval, Attorney for Trustee +
LeavenLaw
3900 First Street North, Suite 100
St. Petersburg, FL 33703-6109

Walter F Benenati +
Walter F Benenati, Credit Attorney PA
2702 E Robinson Street
Orlando, FL 32803-5800

Thomas A Lash, Attorney for Trustee +
Lash, Wilcox & Grace PL
4950 W. Kennedy Blvd., Suite 320
Tampa, FL 33609-1830

Ashley Prager Popowitz +
McCalla Raymer Liebert Pierce, LLC
110 SE 6 St # 2400
Fort Lauderdale, FL 33301-5056

Wanda D Murray +
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305-1636

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Capital One Bank Usa N
15000 Capital One Dr
Richmond, VA 23238

Elan Financial Service
Po Box 790084
Saint Louis, MO 63179

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)FAY SERVICING, LLC

(u)FV-I, Inc. in trust for Morgan Stanley

(u)USALLIANCE FEDERAL CREDIT UNION

(du)USAlliance Federal Credit Union

(u)Usalliance Federal Cr

End of Label Matrix
Mailable recipients      41
Bypassed recipients       5
Total                    46

# Lash Wilcox & Grace PL

*Attorneys and Counselors at Law*

4950 W. Kennedy Blvd., Suite 320, Tampa, FL 33609

phone 813.289.3200 * fax 813.289.3250

June 18, 2019

Larry S. Hyman
Chapter 7 Trustee
106 S. Tampania Ave., Suite 200
Tampa, FL 33609

# *INVOICE*

Matter ID: Rodriguez,C. (Great Amer

Client ID: Hyman,LarryS

Larry S. Hyman, as Chap 7 Trustee of the Estate of Christopher R

Invoice # 4779

**For Professional Services Rendered:**

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 10/06/2016 | TAL | A - REVIEW FILE DOCUMENTS REGARDING RETENTION; REVIEW APPLICATION TO EMPLOY AND DECLARATION | 0.40 hr | $160.00 |
| 10/07/2016 | an | A - SUBMIT APPLICATION OF SPECIAL COUNSEL PACKAGE TO TRUSTEE FOR FILING PER ATTORNEY LASH'S INSTRUCTIONS | 0.40 hr | $48.00 |
| 10/22/2016 | TAL | A - REVIEW FILE, FACTS AND LAW; ANALYSIS OF FACTS AND LAW; FORMULATE PRELIMINARY COUNTS FOR DRAFT COMPLAINT | 0.40 hr | $160.00 |
| 12/08/2016 | nvk | A - REVIEW 341 HEARING RECORDING; DRAFT MEMO TO FILE | 0.40 hr | $44.00 |
| 12/08/2016 | nvk | B - DRAFT PRELIMINARY INFORMATION FOR COMPLAINT | 1.20 hr | $132.00 |
| 01/06/2017 | VJE | A - REVIEW FILE AND INTAKE DOCUMENTS; RESEARCH FOR FIVE STAR BANK; DRAFT COMPLAINT FOR ATTORNEY LASH'S REVIEW | 1.20 hr | $282.00 |
| 01/20/2017 | TAL | B - REVIEW FILE AND FACTS; REVIEW AND REVISE DRAFT COMPLAINT TO FINAL | 0.60 hr | $240.00 |
| 01/25/2017 | an | B - FILE COMPLAINT AND MAIL SERVICE PER ATTORNEY LASH'S INSTRUCTIONS | 0.70 hr | $84.00 |
| 01/27/2017 | TAL | B - REVIEW COMPLAINT, SERVICE, AND SUMMONS; EXECUTE SERVICE OF SUMMONS AND COMPLAINT | 0.20 hr | $80.00 |
| 03/09/2017 | ACW | B - REVIEW FILE; ASSESS CASE POSTURE; EVALUATE FOR DEFAULT; DRAFT CORRESPONDENCE REGARDING SAME | 0.20 hr | $47.00 |
| 03/21/2017 | ACW | B - REVIEW FILE AND ADDITIONAL DOCUMENTS AND CORRESPONDENCE RECEIVED FROM OPPOSING COUNSEL; ANALYZE FACTS AND LAW; CONDUCT RESEARCH; DRAFT CORRESPONDENCE | 1.80 hr | $423.00 |
| 03/31/2017 | VJE | B - REVIEW AND DOCUMENT CASE STATUS UPON SETTING PRETRIAL CONFERENCE | 0.10 hr | $23.50 |
| 03/31/2017 | ACW | B - REVIEW FILE; ASSESS CASE POSTURE; DRAFT CORRESPONDENCE REGARDING SAME | 0.50 hr | $117.50 |
| 04/25/2017 | ACW | B - REVIEW FILE AND ADDITIONAL INFORMATION PROVIDED BY OPPOSING COUNSEL; DRAFT, REVIEW, AND REVISE AMENDED COMPLAINT ADDING THIRD PARTY | 1.60 hr | $376.00 |
| 04/27/2017 | ACW | B - REVIEW FILE; DRAFT STIPULATION AND PROPOSED ORDER OF DISMISSAL; CORRESPOND WITH OPPOSING COUNSEL REGARDING SAME | 0.50 hr | $117.50 |
| 04/27/2017 | an | B - FILE AMENDED COMPLAINT AND MAIL SERVICE PER ATTORNEY LASH'S INSTRUCTIONS | 0.70 hr | $84.00 |
| 05/09/2017 | VJE | B - REVIEW AND DOCUMENT CASE STATUS FOR MAY 16, 2017 PRETRIAL CONFERENCE | 0.10 hr | $23.50 |
| 05/12/2017 | TAL | B - REVIEW COMPLAINT, SERVICE, AND SUMMONS; EXECUTE SERVICE OF | 0.20 hr | $80.00 |

June 18,2019

Matter ID:  Rodriguez,C. (Great Amer

Invoice # 4779

**For Professional Services Rendered:**

| | | SUMMONS AND COMPLAINT | | |
|---|---|---|---|---|
| 05/12/2017 | ACW | B - REVIEW FILE; DRAFT CORRESPONDENCE REGARDING CLAIMS AND SUPPORTING DOCUMENTATION | 0.40 hr | $94.00 |
| 05/15/2017 | VJE | B - UPDATE HEARING NOTES FOR MAY 16, 2017 PRETRIAL CONFERENCE | 0.10 hr | $23.50 |
| 05/16/2017 | VJE | B - APPEAR FOR PRETRIAL CONFERENCE; UPDATE CASE NOTES | 0.10 hr | $23.50 |
| 07/19/2017 | ACW | B - REVIEW FILE; ASSESS CASE POSTURE; DRAFT CORRESPONDENCE REGARDING DEFAULT | 0.20 hr | $47.00 |
| 07/28/2017 | VJE | B - REVIEW AND DOCUMENT CASE STATUS FOR AUGUST 1, 2017 PRETRIAL CONFERENCE | 0.10 hr | $23.50 |
| 07/28/2017 | ACW | B - REVIEW FILE; ASSESS CASE POSTURE; DRAFT CORRESPONDENCE REGARDING LETTER | 0.20 hr | $47.00 |
| 08/01/2017 | VJE | B - APPEAR FOR PRETRIAL CONFERENCE; UPDATE CASE NOTES | 0.30 hr | $70.50 |
| 10/03/2017 | VJE | B - REVIEW AND DOCUMENT CASE STATUS FOR OCTOBER 24, 2017 PRETRIAL CONFERENCE | 0.20 hr | $47.00 |
| 10/24/2017 | VJE | B - APPEAR FOR PRETRIAL CONFERENCE; UPDATE CASE NOTES | 0.10 hr | $23.50 |
| 11/13/2017 | VJE | B - CONFER WITH ATTORNEY LASH REGARDING NEXT STEPS IN CASE | 0.20 hr | $47.00 |
| 11/14/2017 | VJE | B - REVIEW SERVICE OF PROCESS; PREPARE MOTION FOR CLERK'S DEFAULT FOR ATTORNEY GRACE'S REVIEW | 0.50 hr | $117.50 |
| 11/20/2017 | VJE | B - REVIEW AND DOCUMENT CASE STATUS FOR DECEMBER 12, 2017 PRETRIAL CONFERENCE | 0.20 hr | $47.00 |
| 12/12/2017 | VJE | B - APPEAR FOR PRETRIAL CONFERENCE; UPDATE CASE NOTES | 0.10 hr | $23.50 |
| 01/31/2018 | VJE | B - REVIEW AND DOCUMENT CASE STATUS FOR FEBRUARY 20, 2018 PRETRIAL CONFERENCE | 0.20 hr | $47.00 |
| 02/12/2018 | VJE | B - REVISE MOTION FOR CLERK'S DEFAULT AGAINST DEFENDANT | 0.30 hr | $70.50 |
| 02/15/2018 | VJE | B - REVIEW SERVICE OF PROCESS; DRAFT MOTION FOR DEFAULT JUDGMENT, DECLARATION SUPPORTING MOTION FOR DEFAULT JUDGMENT; ORDER GRANTING MOTION FOR DEFAULT JUDGMENT, AND FINAL JUDGMENT FOR ATTORNEY LASH'S REVIEW | 1.00 hr | $235.00 |
| 02/20/2018 | VJE | B - APPEAR FOR PRETRIAL CONFERENCE; UPDATE CASE NOTES | 0.10 hr | $23.50 |
| 02/26/2018 | VJE | B - REVIEW AND DOCUMENT CASE STATUS FOR MARCH 20, PRETRIAL CONFERENCE | 0.20 hr | $47.00 |
| 03/09/2018 | TAL | B - REVIEW PROPOSED DEFAULT JUDGMENT AND RELATED DOCUMENTS | 0.40 hr | $160.00 |
| 03/21/2018 | VJE | B - UPDATE CASE NOTES AFTER PRETRIAL CONFERENCE | 0.10 hr | $23.50 |
| 05/24/2018 | VJE | B - PREPARE INTERROGATORIES AND REQUESTS FOR PRODUCTION IN AID OF EXECUTION OF JUDGMENT; REVIEW CORPORATE INFORMATION TO DETERMINE INDIVIDUALS TO SERVE DISCOVERY | 1.00 hr | $235.00 |
| 01/11/2019 | KCG | B - EDIT LETTER TO DEF AND POST JUDGMENT DISCOVERY IN AID OF EXECUTION | 0.90 hr | $301.50 |
| 04/29/2019 | KCG | B - PREPARE MOTION TO COMPEL DISCOVERY | 0.90 hr | $301.50 |
| 05/08/2019 | KCG | B - COMMUNICATION WITH OTHER COUNSEL REGARDING JUDGMENT, DISCOVERY, AND RESOLUTION | 0.20 hr | $67.00 |
| 05/09/2019 | KCG | B - COMMUNICATION WITH OTHER COUNSEL REGARDING JUDGMENT, DISCOVERY, AND RESOLUTION | 0.20 hr | $67.00 |
| 05/14/2019 | VJE | B - REVIEW DOCUMENTS RELATED TO ASSIGNMENT OF ACCOUNT FROM ORIGINAL DEFENDANT TO DEFENDANT NAMED IN AMENDED COMPLAINT | 0.80 hr | $188.00 |
| 05/17/2019 | KCG | B - COMMUNICATION WITH OTHER COUNSEL REGARDING JUDGMENT, DISCOVERY, AND RESOLUTION | 0.20 hr | $67.00 |
| 05/22/2019 | KCG | B - COMMUNICATION WITH OTHER COUNSEL REGARDING JUDGMENT, | 0.20 hr | $67.00 |

June 18, 2019

Matter ID: Rodriguez, C. (Great Amer

Invoice # 4779

**For Professional Services Rendered:**

| | | | | |
|---|---|---|---|---|
| | | DISCOVERY, AND RESOLUTION | | |
| 05/23/2019 | KCG | B - COMMUNICATION WITH OTHER COUNSEL REGARDING JUDGMENT, DISCOVERY, AND RESOLUTION | 0.20 hr | $67.00 |
| 05/31/2019 | KCG | B - COMMUNICATION WITH OTHER COUNSEL REGARDING JUDGMENT, DISCOVERY, AND RESOLUTION | 0.20 hr | $67.00 |
| 06/07/2019 | KCG | B - NEGOTIATE RESOLUTION; AND DRAFT CORRESPONDENCE REGARDING THE SAME | 0.40 hr | $134.00 |
| 06/10/2019 | TAL | B - REVIEW SETTLEMENT AND COMMENCE SETTLEMENT DOCUMENTATION. | 0.30 hr | $120.00 |
| 06/11/2019 | jm | C - DRAFT ADDITIONAL INFORMATION FOR SETTLEMENT AGREEMENT | 0.20 hr | $22.00 |
| 06/11/2019 | jm | C - REVIEW ATTORNEY PROVIDED INFORMATION; PREPARE SETTLEMENT DOCUMENTATION FOR TRANSMITTAL TO DEFENDANT | 0.40 hr | $44.00 |
| 06/11/2019 | TAL | C - REVIEW FILE; REVIEW AND REVISE SETTLEMENT DOCUMENTATION | 0.40 hr | $160.00 |
| 06/14/2019 | nvk | C - SET UP PRELIMINARY INFORMATION FOR 9019 SETTLEMENT MOTION AND PROPOSED ORDER | 0.30 hr | $33.00 |
| 06/14/2019 | nvk | C - SET UP PRELIMINARY INFORMATION FOR DISMISSAL | 0.20 hr | $22.00 |
| 06/14/2019 | nvk | C - SET UP PRELIMINARY INFORMATION FOR FIRST INTERIM FEE APPLICATION AND PROPOSED ORDER | 0.40 hr | $44.00 |
| 06/14/2019 | KCG | C - DRAFT, REVIEW AND REVISE PROPOSED ORDERS REGARDING 9019 SETTLEMENT MOTION, FIRST INTERIM FEE APPLICATION, AND DISMISSAL; REVIEW PROOFS OF SERVICE REGARDING PROPOSED ORDER | 0.40 hr | $134.00 |
| 06/14/2019 | sb | C - REVIEW AND REVISE 9019 SETTLEMENT MOTION AND FIRST INTERIM FEE APPLICATION REGARDING SERVICE | 0.40 hr | $48.00 |
| 06/14/2019 | TAL | C - REVIEW AND REVISE 9019 SETTLEMENT MOTION AND FIRST INTERIM FEE APPLICATION AND MODIFY TO FINAL; REVIEW PROPOSED ORDERS | 0.60 hr | $240.00 |

Total Professional Services:   $6,192.00

## *INVOICE SUMMARY*

| Producer | Role | Rate | Hours | Amount |
|---|---|---|---|---|
| Thomas Lash | Senior Partner | $400.00 | 3.50 | $1,400.00 |
| Alicia Nowicki | Paralegal | $120.00 | 1.80 | $216.00 |
| Andrew Wilson | Associate Attorney | $235.00 | 5.40 | $1,269.00 |
| Kenneth Grace | Partner | $335.00 | 3.80 | $1,273.00 |
| N. Vasanth Kumar | Paralegal | $110.00 | 2.50 | $275.00 |
| Samantha Boggs | Paralegal | $120.00 | 0.40 | $48.00 |
| John McCarthy | Paralegal | $110.00 | 0.60 | $66.00 |
| Vivian Elliott | Associate Attorney | $235.00 | 7.00 | $1,645.00 |

| | | |
|---|---|---|
| For Professional Services: | *25.00* Hours | *$6,192.00* |
| **Total Due:** | | **$6,192.00** |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

CHRISTOPHER RODRIGUEZ and                     Case No. 8:16-bk-05464-KRM
LATISHA E. RODRIGUEZ,

          Debtors.                                    Chapter 7

_____/

## DECLARATION OF PROPOSED COUNSEL FOR SPECIAL PURPOSE

I, Thomas A. Lash, Esq., declare under penalty of perjury pursuant to the provisions of 28 U.S.C., §1746 that the following statements are true and correct:

    1.  I, Thomas A. Lash, am a shareholder in the firm of Lash Wilcox & Grace PL (collectively "LWG") which has its main office at 4950 W. Kennedy Blvd., Suite 320, Tampa, FL 33609; I have personal knowledge of and am competent to testify to matters herein.

    2.  To the best of my knowledge, information and belief, no individual in LWG is related to Christopher Rodriguez and Latisha E. Rodriguez ("Debtors"), their attorneys or accountants, the United States Trustee for Region 21 or any person employed by the office of the United States Trustee in this district, or any other parties in interest herein. To the best of my knowledge, information and belief, no person in LWG holds any interest adverse to any such party in respect to the matter for which they will be engaged.

    3.  To the best of my knowledge, LWG does not hold any interest adverse to the Debtors, their attorneys or accountants; the United States Trustee for Region 21 or any person employed by the Office of the United States Trustee in this District or any other parties in interest herein nor does LWG represent any client which holds any such adverse interest.

    4.  In preparing this declaration, I sent out an electronic mailing to all firm attorneys and personnel requesting (1) any information as to whether the firm is currently involved in any matter involving the Debtor and (2) any information as to any person in the firm or the firm which represents or has represented, holds any interest in or has a relationship (other than ordinary course debtor/creditor/customer relationship or investment holdings less than 5% of total outstanding stock) with any of the following or any employee of them: any bank, credit union, savings and loan, finance company, mortgage company, financial servicing company, savings bank, loan company, rental company, insurance company, accounting firm, law firm or debt collection entity. I did not receive any information confirming any such current involvement. The facts stated in this declaration as to the relationship between other lawyers in my law firm and the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, other persons employed by in the office of the United States Trustee, and those persons and entities who are defined as not disinterested persons in section 101(14)

of the Bankruptcy Code are based upon the results of our review of the information from this electronic mail response with my firm's conflict check system listings and other communications.

5.    My law firm's client and adverse party conflict check system is comprised of records regularly maintained in the course of business of the firm, and it is the regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons who regular duties include recording and maintaining this information. I am one of the persons who keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

6.    My firm has never represented the Debtors.

7.    My firm has received no retainer in this matter.

8.    No attorney in my firm holds a direct or indirect equity interest in the Debtors [including stock, stock warrants, a partnership interest in a Debtors partnership] or has a right to acquire such an interest.

9.    No attorney in my firm is or has served as an officer, director, or employee of any of the Debtors within two years before the petition filing.

10.    No attorney in my firm is in control of any of the Debtors or is a relative of a general partner, director, officer or person in control of any of the Debtors.

11.    No attorney in my firm is a general or limited partner of a partnership in which the Debtors is also a general or limited partner.

12.    No attorney in my firm is or has served as an officer, director, or employee of a financial advisor that has been engaged by any of the Debtors in connection with the offer, sale, or issuance of a security of any of the Debtors, within two years before the filing of the petition.

13.    No attorney in my firm has represented a financial advisor of the Debtors in connection with the offer, sale, or issuance of a security of the Debtors within three years before the filing of the petition.

14.    No attorney in the firm has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to any of the Debtors or the estate on any matter substantially related to the bankruptcy case.

15.    No attorney in the firm represents an insider of the Debtors or any of the Debtors' parent, subsidiary, or other affiliate.

16.    Upon    information    and    belief,    LWG    has    no    connection    with    and

holds no interest adverse to the Debtors or their estate.

17.    No attorney in the firm has been paid fees pre-petition or holds a security interest, guarantee or other assurance of compensation for services performed and to be performed in the case.

18.    There is no agreement of any nature, other than the shareholder or of counsel agreement of my firm, as to the sharing of any compensation to be paid to the firm.

19.    No attorney in the firm has any other connection with the Debtors or creditors except as noted herein.

20.    No attorney in the firm has any other connection with the United States Trustee, or any employee of that office, or any other parties in interest.

21.    No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed retention, other than as may be disclosed in this declaration or the accompanying application.

22.    Due to the size and diversity of its practice, LWG, or its employees, may have represented or otherwise dealt with, and may now be representing or otherwise dealing with, various persons and their attorneys and accountants, who are or may consider themselves to be creditors or parties in interest in this case. An attorney in this firm may have previously represented NCO, SST, TSI, West Asset Management, Phillips Cohen and Associates, EmCare, Marshland, FIA, RCS/LVNV, Mitch Bluhm and Associates, Capio, American Express Company, Mercantile Adjustment Bureau, Enhanced Recovery Corp., Gatestone f/k/a CollectCorp, Sallie Mae, United Student Aid Funds, Bank of America, Nationstar Mortgage, JP Morgan Chase, Citi Mortgage, Ditech, Wells Fargo, Select Portfolio Servicing, Specialized Loan Servicing, Ocwen Loan Servicing, EverBank, Seterus, Deutsche Bank, HSBC and U.S. Bank, which are entities that are or may be Parties in interest. However, such prior employment, representation or involvement does not relate to Debtor(s) or their estate.

23.    LWG has agreed to provide assistance as counsel for special purpose to the Chapter 7 Trustee, Larry S. Hyman (the "Trustee"), and I make this declaration in support of an Order authorizing such retention and employment.

24.    The nature and extent of the counsel for special purpose services which LWG proposes to render to the Trustee are representation in possible adversary proceedings and related matters of limited scope against certain entities for consumer protection statutory and common law claims.

25.    It is the intention of LWG to seek compensation from this Court as counsel for special purpose on the basis of a modified contingency fee, plus costs, for its services. It is also the intention of LWG to seek reimbursement of disbursements and expenses consistent with its regular practices with existing clients.

26.    The modified contingency fee, plus costs, is structured as follows, subject to this Court's approval:

a. The Attorneys shall recover no attorneys' fees or costs unless Applicant is a prevailing party in the adversary proceedings or the adversary proceedings result in a settlement that includes a payment to, or other tangible economic benefit for the bankruptcy estate;

b.    The consumer protection statutes under which the Attorneys propose to bring the adversary proceedings provide for: (i) the payment of Applicant's attorneys' fees and costs by the defendant(s) if Applicant is a prevailing party; (ii) statutory damages; and (iii) actual damages;

c.    For purposes of 6.b. above, the present hourly rate of partner Thomas A. Lash is $435.00 per hour, Kenneth C. Grace is $375.00 per hour, and of counsel are presently billed at hourly rates from $235.00 to $400.00 per hour. Associates are presently billed at hourly rates from $200.00 to $275.00 per hour and paralegals at the rate of $125.00 per hour;

d.    Applicant has agreed to pay the Attorneys': (i) fees and cost awarded as a prevailing party in the adversary proceeding or agreed to as part of a settlement under paragraph 6,b,(i) above; and, (ii) thirty percent (30%) of Applicant's and entities awarded or agreed actual damages plus other tangible economic benefit to the bankruptcy estate;

e.    Applicant and the estate shall retain: (i) all Applicant's and entities statutory damages awarded or agreed under paragraph 6,b,(ii) above; and (ii) seventy percent (70%) of Applicant's and entities awarded or agreed actual damages plus other tangible economic benefit to the bankruptcy estate. .

27.    Applications for payment of professional fees and reimbursement of actual expenses will be submitted in accordance with the relevant provisions of the United States Bankruptcy Code and the Bankruptcy Rules, as well as any applicable rules and orders of this Court. Any such payment will be subject to this Court's prior review and approval.

Dated the ____6____ day of ____October____, 2016.

Respectfully submitted,

**LASH WILCOX & GRACE PL**
4950 W. Kennedy Blvd., Ste. 320
Tampa, Florida 33609
Phone: (813) 289-3200
Fax: (813) 289-3250

**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com